ORIGINAL

STUBENBERG & DURRETT LLLP

JONATHAN S. DURRETT          3184-0
jdurrett@stubenbergdurrett.com
ADRIAN W. ROSEHILL, ESQ.     3868-0
arosehill@stubenbergdurrett.com
ALAN J. MA                   5580-0
ama@stubenbergdurrett.com
841 Bishop Street Suite 1101
Honolulu, Hawaii 96813
Telephone No.: (808) 526-0892
Facsimile No.:  (808) 533-4399

*Attorneys for Defendants*
WEST COAST LENDING GROUP, INC.,
PRIVATE CAPITAL GROUP, INC.,
and PARKER ENLOE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 23 2010

at 4 o'clock and 35 min. P M.
SUE BEITIA, CLERK

---

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| DARRELL-LYNN PUAALA SILVA,<br><br>Plaintiff,<br><br>vs.<br><br>WEST COAST LENDING GROUP, INC.; PRIVATE CAPITAL GROUP, INC.,; PARKER ENLOE; JOHN DOES 1-10; JANE ROES 1-10; DOE CORPORATIONS, PARTNERSHIPS OR OTHER ENTITIES 1-10,<br><br>Defendants. | Civil No.: CV-10-00523-DAE-KSC<br><br>**DEFENDANTS WEST COAST LENDING GROUP, INC., PRIVATE CAPITAL GROUP, INC., and PARKER ENLOE'S ANSWER TO COMPLAINT FILED ON SEPTEMBER 10, 2010; CERTIFICATE OF SERVICE** |

**DEFENDANTS WEST COAST LENDING GROUP, INC.,
PRIVATE CAPITAL GROUP, INC., and PARKER ENLOE'S
ANSWER TO COMPLAINT FILED ON SEPTEMBER 10, 2010**

COMES NOW Defendants WEST COAST LENDING GROUP, INC., PRIVATE CAPITAL GROUP, INC., and PARKER ENLOE ("Defendants"), by and through undersigned counsel, and hereby submit their Answer to the Complaint (the "Complaint") of Plaintiff DARRELL-LYNN PUAALA SILVA ("Plaintiff").

<u>**FIRST DEFENSE**</u>

The Complaint fails to state a claim upon which relief can be granted.

<u>**SECOND DEFENSE**</u>

In answering the allegations in order as alleged, Defendant admits, denies, and alleges as follows:

1.      Any allegations in Plaintiff's Complaint not specifically admitted are hereby denied.

<u>INTRODUCTION</u>

2.      Paragraphs 1 and 2 of the Complaint, Defendants deny each and every allegation contained therein.

3.      Paragraph 3 of the Complaint, Defendants state that the documents referenced speak for themselves and to the extent the allegations of the Complaint contradict the provisions of the documents, the allegations are denied. Defendants generally deny all other allegations contained therein.

<u>JURISDICTION</u>

4.      Paragraph 4 of the Complaint, Defendants state that they are without sufficient knowledge or information to form an opinion as to the truth or veracity of the allegations or legal conclusions contained therein and therefore deny the same in its entirety.

PARTIES

5.      Paragraphs 5 of the Complaint, Defendants state that they are without sufficient knowledge or information to form an opinion as to the truth or veracity of the allegations or legal conclusions contained therein and therefore deny the same in its entirety.

6.      Paragraph 6 of the Complaint, Defendants deny each and every allegation contained therein. Defendants state that Defendant West Coast Lending Group, Inc. ("WCLG"), is a Nevada corporation.

7.      Paragraph 7 of the Complaint, Defendants admit the allegations contained therein.

8.      Paragraph 8 of the Complaint, Defendants deny each and every allegation contained therein. Defendants state that Defendant Parker Enloe is a resident of Utah. Defendants generally deny all other allegations contained therein.

9.      Paragraph 9 of the Complaint, Defendants admit that WCLG is the current holder of the referenced promissory note and mortgage. Defendants generally deny all other allegations contained therein.

10.     Paragraph 10 of the Complaint, Defendants state that they are without sufficient knowledge or information to form an opinion as to the truth or veracity of the allegations or legal conclusions contained therein and therefore deny the same in its entirety.

STATEMENT OF FACTS

11.     Paragraphs 11, 12, 13, 14, 18, 24, 36, 37, 41, and 47 of the Complaint, Defendants state that they are without sufficient knowledge or information to form an opinion as to the truth or veracity of the allegations or legal conclusions contained therein and therefore deny the same in its entirety.

12.     Paragraphs 15, 17, 20, 21, 22, 23, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 38, 39, 40,

3

42, 43, 44, 45, and 46 of the Complaint, Defendants deny each and every allegation contained therein.

13.     Paragraph 16 of the Complaint, Defendants state that Parker flew to Honolulu to meet with Plaintiff. Defendants generally deny all other allegations contained therein.

14.     Paragraphs 19 of the Complaint, Defendants admit the allegation contained therein.

15.     Paragraphs 25 of the Complaint, Defendants admit the allegations as to Parker and WCLG, but deny the allegations as to PCG.

## COUNT I

### VIOLATIONS OF THE HOME OWNERSHIP EQUITY PROTECTION ACT

16.     Paragraph 48 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

17.     Paragraphs 49 and 51 of the Complaint, Defendants state that the statutes referenced speak for themselves and to the extent the allegations of the Complaint contradict the provisions of the documents, the allegations are denied. Defendants generally deny all other allegations contained therein.

18.     Paragraphs 52 and 57 of the Complaint, Defendants state that they are without sufficient knowledge or information to form an opinion as to the truth or veracity of the allegations or legal conclusions contained therein and therefore deny the same in its entirety.

19.     Paragraphs 50, 53, 53.1, 53.2, 54, 55, 56, 57.1 (a), 57.2 (b), 57.3 (c), 58, 58.1 (a), 58.2 (b), 58.3 (c), 58.4 (d), 58.5 (e), 58.6 (f), and 58.7 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT II

### VIOLATIONS OF REAL ESTATE SETTLEMENT PROCEDURES ACT

20.     Paragraph 59 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

21.     Paragraphs 60 and 64 of the Complaint, Defendants state that they are without sufficient knowledge or information to form an opinion as to the truth or veracity of the allegations or legal conclusions contained therein and therefore deny the same in its entirety.

22.     Paragraph 63 of the Complaint, Defendants state that the statutes referenced speak for themselves and to the extent the allegations of the Complaint contradict the provisions of the documents, the allegations are denied. Defendants generally deny all other allegations contained therein.

23.     Paragraphs 61, 62, and 65 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT III

## VIOLATIONS OF FEDERAL TRUTH-IN-LENDING ACT

24.     Paragraph 66 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

25.     Paragraphs 67, 68, 69, and 72 of the Complaint, Defendants deny each and every allegation contained therein.

26.     Paragraphs 70 and 71 of the Complaint, Defendants state that the statutes referenced speak for themselves and to the extent the allegations of the Complaint contradict the provisions of the documents, the allegations are denied. Defendants generally deny all other allegations contained therein.

## COUNT IV

## BREACH OF CONTRACT

27.     Paragraph 73 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

28.     Paragraphs 75 and 76 of the Complaint, Defendants deny each and every allegation contained therein.

29.     Paragraphs 74 of the Complaint, Defendants state that they are without sufficient knowledge or information to form an opinion as to the truth or veracity of the allegations or legal conclusions contained therein and therefore deny the same in its entirety.

## COUNT V

### FRAUDULENT MISREPRESENTATION

30.     Paragraph 77 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

31.     Paragraphs 78, 79, 80, 80.1,[1] 80.5, 80.6, 80.7, 80.8, 80.9, 80.10, 81, 82, 83, and 84 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT VI

### BREACH OF FIDUCIARY DUTY

32.     Paragraph 85 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

33.     Paragraphs 86, 87, 88, and 89 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT VII

### UNJUST ENRICHMENT

34.     Paragraph 90 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

---

[1] Defendants note that paragraphs 80.2-80.4 were omitted from the Complaint.

35.    Paragraphs 91, 92, 93, 94 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT VIII

### CIVIL CONSPIRACY

36.    Paragraph 95 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

37.    Paragraphs 96, 97, 98, 99, 100 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT IX

### COMPLAINT TO QUIET TITLE

38.    Paragraph 101 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

39.    Paragraphs 102, 103, 104, 105, 105.1, 105.2, 105.3, 105.4, and 105.5 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT X

### MISTAKE

40.    Paragraph 106 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

41.    Paragraph 107 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT XI

### UNCONSCIONABILITY

42.    Paragraph 108 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

43.     Paragraph 109 of the Complaint, Defendants state that they are without sufficient knowledge or information to form an opinion as to the truth or veracity of the allegations or legal conclusions contained therein and therefore deny the same in its entirety.

44.     Paragraphs 110 and 111 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT XII

### UNFAIR AND DECEPTIVE ACTS OR PRACTICES

45.     Paragraph 112 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

46.     Paragraph 113, 114, 115, 116 of the Complaint, Defendants state that the statutes referenced speak for themselves and to the extent the allegations of the Complaint contradict the provisions of the documents, the allegations are denied. Defendants generally deny all other allegations contained therein.

47.     Paragraphs 117, 117.1, 117.2, 117.3,[2] 117.5, 117.6, 117.7, 118, 119, 120, 121, 122, 123 and 124 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT XIII

### FAILURE TO ACT IN GOOD FAITH

48.     Paragraph 125 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

49.     Paragraph 126 of the Complaint, Defendants state that they are without sufficient knowledge or information to form an opinion as to the truth or veracity of the allegations or legal conclusions contained therein and therefore deny the same in its entirety.

---

[2] Defendants note that paragraph 117.4 was omitted from the Complaint.

50.     Paragraphs 127, 128, and 129 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT XIV

### RECOUPMENT

51.     Paragraph 130 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

52.     Paragraph 131 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT XV

### NEGLIGENT AND/OR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

53.     Paragraph 132 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

54.     Paragraph 133 of the Complaint, Defendants state that they are without sufficient knowledge or information to form an opinion as to the truth or veracity of the allegations or legal conclusions contained therein and therefore deny the same in its entirety.

55.     Paragraphs 134, 135, 136 of the Complaint, Defendants deny each and every allegation contained therein.

## COUNT XVI

### USURY AND FRAUD

56.     Paragraph 137 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

57.     Paragraphs 138, 139, 140, 141, 142, 143 and 144 of the Complaint, Defendants deny each and every allegation contained therein.

COUNT XVII

VIOLATION OF HAWAII REVISED STATUTES CHAPTER 667

58.     Paragraph 145 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

59.     Paragraph 146 of the Complaint, Defendants state that the statutes referenced speak for themselves and to the extent the allegations of the Complaint contradict the provisions of the documents, the allegations are denied. Defendants generally deny all other allegations contained therein.

60.     Paragraphs 147, 148, 148.1 (a), 148.2 (b), 148.3 (c) of the Complaint, Defendants deny each and every allegation contained therein.

COUNT XVIII

VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

61.     Paragraph 149 of the Complaint, Defendants incorporate their responses to the above paragraphs as if set forth herein.

62.     Paragraph 150 of the Complaint, Defendants state that the statutes referenced speak for themselves and to the extent the allegations of the Complaint contradict the provisions of the documents, the allegations are denied. Defendants generally deny all other allegations contained therein.

63.     Paragraphs 151 and 152 of the Complaint, Defendants deny each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

64.     Defendants are not liable for any harm or damages alleged in the Complaint because the damages sustained by Plaintiff, if any, were caused by the acts of third persons who

10

were not agents or employees of Defendants and were not acting on their behalf in any manner or form and as such Plaintiff's alleged damages were caused solely or in part by persons or entities over which Defendants had no control or responsibility.

### SECOND AFFIRMATIVE DEFENSE

65.     Plaintiff's damages, if any, were reasonably foreseeable and the Plaintiff failed to mitigate its damages by taking preemptive action.

### THIRD AFFIRMATIVE DEFENSE

66.     Defendants are informed and believe and thereupon allege that Plaintiff is barred from recovery by the doctrine of laches, unclean hands, the legal doctrines of promissory estoppel, equitable estoppel, collateral estoppel, res judicata, and/or applicable statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

67.     Plaintiff's claims have been waived as a result of the acts, conduct, and/or omissions of Plaintiff; therefore, Plaintiff is stopped from asserting its claims for damages against this answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

68.     Defendants are informed and believe and thereon allege that by virtue of the acts, conduct, and/or omissions to act under the circumstances, Defendants have been released and discharged from any liability to Plaintiff, which liability is expressly denied.

### SIXTH AFFIRMATIVE DEFENSE

69.     Defendants are informed and believe and thereon allege that any agreement, contract, or other obligation was breached by Plaintiff's failure to fulfill its contractual and/or other responsibilities, and this failure has excused any obligation of performance or further performance on Defendants' part.

## SEVENTH AFFIRMATIVE DEFENSE

70.    Defendants are informed and believe and thereon allege that the losses to Plaintiff, if any, were occasioned by and as a result of its failure to comply with the alleged agreement between Plaintiff and Defendant. As a result, Defendant is entitled to an offset as determined with respect to such failure, if any.

## EIGHTH AFFIRMATIVE DEFENSE

71.    Plaintiff's claims are barred by the Statue of Frauds.

## NINTH AFFIRMATIVE DEFENSE

72.    Plaintiff failed to notify Defendants of any alleged breach within a reasonable time or in a timely fashion after discovery of the breach or after the breach should have been discovered.

## TENTH AFFIRMATIVE DEFENSE

73.    Damages at issue herein were caused as a result of the fraudulent action or activities of the Plaintiff.

## RESERVATION

74.    Defendants assert that they may have additional affirmative defenses which are not known at this time, but which may be ascertained through further discovery. Defendants specifically reserve the right to assert these affirmative defenses as they are further ascertained through discovery.

**WHEREFORE**, the Defendant requests that this Court enter an Order:

1.    Dismissing the Complaint with prejudice;

2.    Awarding the Defendants their attorneys' fees, expenses, and costs incurred in defending this action; and

3.      For such other relief as the Court deems just and appropriate.

DATED:        Honolulu, Hawaii, November 23, 2010

 

 

_____

JONATHAN S. DURRETT
ADRIAN W. ROSEHILL
ALAN J. MA

*Attorneys for Defendants*
WEST COAST LENDING GROUP, INC.,
PRIVATE CAPITAL GROUP, INC., and
PARKER ENLOE

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF HAWAI'I**

| | |
|---|---|
| DARRELL-LYNN PUAALA SILVA,<br><br>        Plaintiff,<br><br>   vs.<br><br>WEST COAST LENDING GROUP, INC.; PRIVATE CAPITAL GROUP, INC.,; PARKER ENLOE; JOHN DOES 1-10; JANE ROES 1-10; DOE CORPORATIONS, PARTNERSHIPS OR OTHER ENTITIES 1-10,<br><br>        Defendants. | Civil No.: CV-10-00523-DAE-KSC<br><br>**CERTIFICATE OF SERVICE** |

CERTIFICATE OF SERVICE

     I hereby certify that I caused a true and correct copy of the foregoing document to be served in the method indicated below to the below named this 23rd day of November, 2010.

 X  Hand Delivery  
___U.S. Mail  
___Overnight Mail  
___Fax Transmission  
___CM/ECF  
___Email  

ROBIN R. HORNER, ESQ.  
P.O. Box 3727  
Honolulu, Hawaii 96812-3727  
735 Bishop Street, Suite 410  
Honolulu, Hawaii  96813  

*Attorney for Plaintiff*  
DARRELL-LYNN PUAALA SILVA  

     DATED:      Honolulu, Hawaii, November 23, 2010  

JONATHAN S. DURRETT  
ADRIAN W. ROSEHILL  
ALAN J. MA  
*Attorneys for Defendants*  
WEST COAST LENDING GROUP, INC.,  
PRIVATE CAPITAL GROUP, INC., and  
PARKER ENLOE  

1